# Fairfield Packing Co. v. Kentucky Jeans Clothing Co.

*Bill in Equity to have Mortgage Declared a General Assignment.*

1. *Mortgage; when declared a general assignment for creditors.*—A

[Fairfield Packing Co. v. Kentucky Jeans Clothing Co.]

mortgage given by a merchant on his entire stock of goods to secure a pre-existing debt, may be declared a general assignment for the benefit of creditors, and enforced as such, at the suit of a creditor of the insolvent debtor.

2. *Same; bona fide purchaser.*—One, who, through the agency of a member of an insolvent firm, purchases its entire stock, which was, at the time, mortgaged to secure a pre-existing debt to a third person, is not a *bona fide* purchaser as to a creditor of the insolvent debtor, who seeks to have the mortgage declared a general assignment for the benefit of creditors, where the value of the goods purchased is largely in excess of the debt, and the price paid by the purchaser is merely nominal.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed against the appellant by the appellee, creditor of H. C. Harvey & Co., a partnership, to have a mortgage executed by said Harvey & Co. to one J. J. Snyder, declared a general assignment for the benefit of the creditors of said Harvey & Co. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and declared the mortgage to Snyder to be a general assignment for the benefit of all of the creditors of Harvey & Co. From this decree the respondents appeal, and assign the same as error.

A. E. WALKER, for appellant, cited *Rochester v. Armour*, 92 Ala. 432 ; *Danner & Co. v. Brewer*, 69 Ala. 191 ; *Goldthwaite v. Ellison*, 99 Ala. 497; *Warten v. Mathews*, 80 Ala. 429 ; *Gaston v. Weir*, 84 Ala. 193.

JOHN T. ASHCRAFT, *contra*, cited *Ordway v. White*, 80 Ala. 244; *Danner & Co. v. Brewer*, 69 Ala. 191 ; *Shirley v. Teal*, 67 Ala. 449 ; *Perry Ins. & T. Co. v. Foster*, 58 Ala. 502; *Dunklin v. Kimball*, 50 Ala. 251; 3 Brick. Dig. 49, § 16.

COLEMAN, J.—The purpose of the bill, was to have a mortgage, executed by H. C. Harvey & Co., a partnership, to one J. J. Snyder, declared a general assignment. The bill averred the debt of the complainant as existing

before the execution of the mortgage, that the consideration of the mortgage was to secure a past indebtedness, that the property conveyed, constituted substantially all the property of H. C. Harvey & Co., and the insolvency of the debtor. The insolvency of the debtor, and that the mortgage constituted all the property of the grantors, is nowhere denied in the answer. Although proof on these questions, was unnecessary the averments are fairly established. The evidence is overwhelming that McSparrin was a member of the partnership of H. C. Harvey & Co. so far as the rights of the complainant in this litigation are concerned.

However fraudulent may have been the mortgage to Snyder, it is binding on the parties, and may be enforced as a general assignment by any creditor, as much so as if he had been especially named as a beneficiary in the mortgage. The law of the case is fully stated in the case of *Anniston Carriage Works v. Ward*, 101 Ala. 670, and authorities there cited. The purchase of the stock of goods by the Fairfield Packing Company after the execution of the mortgage, was effected through McSparrin, a member of the firm of H. C. Harvey & Co., and it cannot set up the claim of being an innocent purchaser. We do not doubt the whole transaction was a mere sham, concocted in the interest of McSparrin. The consideration paid was only twenty-five dollars, for a stock of goods, confessedly worth at that time, between seven and eight hundred dollars, with an incumbrance not exceeding one hundred and fifty dollars. The mortgage to Snyder was to indemnify him as a surety for H. C. Harvey on a note for only fifty dollars, and the goods conveyed to secure his indemnity, according to the answer of the partners' debtors and their evidence, were of the value of between seven and eight hundred dollars. The note on which Snyder was surety bears date anterior to that of the mortgage, and on its face, the mortgage shows that it was given to secure a past liability.

The respondents contend, however, that the mortgage was executed in pursuance of an agreement made at the time of the execution of the note, and must be given effect as of that date, and that the mortgage was in fact given to secure a debt contracted contemporaneously with the mortgage. Suffice it to say on these issues,

that the evidence does not sustain either contention. The debt for which Snyder was bound as surety, was payable to Young. Walker became the payee of this debt. and a new note was given payable to him, with Snyder as surety as before. In addition, the evidence shows that H. C. Harvey & Co. promised to turn over to Snyder "a certain case of jewelry in their stock" "or to secure him out of their stock", as his security; the preponderance of the evidence being in favor of the promise to turn over a case of jewelry. The execution of a mortgage on seven or eight hundred dollars worth of property, to indemnify him as surety on a fifty dollar debt, was not in fulfillment of either. The evidence shows, however, that Snyder did not call for the fulfillment of the promise until after the arrest and commitment to jail of H. C. Harvey, who was detected in an attempt to set on fire the store. So much fraud and trickery is rarely brought to light in one transaction.

It is proper to add that Snyder has set up no claim nor shown any interest in the litigation, further than to insist that the debt to Walker upon which he is surety be provided for in the enforcement of the mortgage. The decree of the chancellor is in all things affirmed.

Affirmed.